UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL COLON,

    Plaintiff,

v.                                                 CASE NO. 8:24-cv-1666-SDM-AAS

NEW PORT RICHEY POLICE DEP'T,
  *et al.*,

    Defendants.
                                                   /

**ORDER**

    Colon's complaint alleges that the defendants violated his civil rights when they invaded his home and arrested him without a warrant. An earlier order (Doc. 3) grants Colon leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), service on a defendant is not warranted and Colon must file an amended complaint.

    Colon names as the defendants the New Port Richey Police Department, Sergeant Berge, and Officers Shala, Campana, and Hand. This action may proceed

against the named police officers, but not the police department. As *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008),[1] explains, a "police department" is not a legal entity subject to suit:

> "[P]olice departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (internal citations and quotations omitted) (dismissing as a defendant to a § 1983 suit a county sheriff's department in Alabama). Under Florida law, police departments are not legal entities amenable to suit. *Masson v. Miami-Dade County*, 738 So. 2d 431, 432 (Fla. App. 3d 1999) (noting that the MDPD lacks the capacity to be sued under the Miami-Dade County Code § 2-91); *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. App. 3d 1995). Because the MDPD does not have the capacity to be sued under Florida law, the district court did not err in dismissing it as a party.

Consequently, this action cannot proceed against the New Port Richey Police Department.

Additionally, Colon attempts to assert a claim based on inadequate training, however, his allegation is both insufficient and asserted against an improper defendant, as explained above. Colon must identify what training was inadequate, how that specific training affected the underlying alleged civil rights deprivation, and how the defendant was charged with providing that training. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–91 (1989). These requirements were explained further in *Williams v. City of Homestead, Fla.*, 206 F. App'x 886, 890 (11th Cir. 2006).

> We have held that a § 1983 failure-to-train claim against a municipality is valid only in the limited circumstances where a plaintiff

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

>> can show that: (1) the municipality inadequately trained or supervised its officers; (2) the failure to train or supervise is a city policy; and (3) the city's policy caused the officer to violate the plaintiff's constitutional rights. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).

Proving a "failure-to-train" claim is difficult because a plaintiff must prove that official municipal policy or a "policy-maker's" official policy was responsible for the action that caused the injury. "[A] municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) (alteration adopted and quotation omitted). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* (alteration adopted and quotation omitted). *See also City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability.") (plurality opinion); *Craig v. Floyd Cty.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (citing *City of Okla. City* and *Connick*).

Colon may file an amended complaint, which must be complete because an amended complaint supersedes the original complaint and, as a consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009). *See Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."). *See also Lane v. Philbin*, 835 F.3d

1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint).  In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint.

Also, Colon is advised that, if he fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment.  *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension.  And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

The "New Port Richey Police Department" is **DISMISSED** from this action.  The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to the filing of an amended complaint.  The failure to timely file an amended complaint will result in the dismissal of this action without further notice.  The clerk must send to Colon a civil rights complaint form.  Colon's failure to return the completed form within **THIRTY (30) DAYS** will result in the dismissal of this action without further notice.

- 4 -

## **A CAUTION TO MR. COLON**

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Colon is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on July 24, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE