UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL ERIC COLON,

    Plaintiff,

v.                                          CASE NO. 8:24-cv-1666-SDM-AAS

CITY OF NEW PORT RICHEY, *et. al.*,

    Defendants.
    _____/

**O R D E R**

    Colon files a civil rights complaint under 42 U.S.C. § 1983 against the City of New Port Richey and Police Officers Shala, Campana, and Hand.  Colon alleges that the defendant officers lacked a warrant when they forcibly entered his home, during which they arrested him and used excessive force during the arrest.  The defendants move (Doc. 23) to dismiss and argue both that the complaint fails to state a claim and that the officers are entitled to qualified immunity.  Because he appears *pro se*, an earlier order (Doc. 27) cautions Colon that the granting of the motion to dismiss could result in both the dismissal of his claims against the defendants and a final adjudication.  Colon opposes (Doc. 39) the motion, and, despite earlier authorization (Doc. 27), the defendants have not replied.

    Although a *pro se* complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d

1285, 1289 (11th Cir. 1999), the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, as summarized in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." As a consequence, *Twombly* governs a Section 1983 prisoner complaint. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

     Colon alleges (1) that Police Officers Shala and Campana knocked on the door of his home, (2) that he slightly opened the door to speak with the officers, (3) that he declined the officers' request to come outside to talk with them but instead closed

and locked the door, (4) that the officers claimed that Colon's girlfriend had called the police, (5) that he told the officers that if they wanted to talk to his girlfriend they could knock on her bedroom window, and (6) that the officers tried to kick the door open. Colon further alleges (1) that his girlfriend exited the bedroom to inquire about all the noise and, as she unlocked the front door to ask what the officers wanted, the door "flew open hitting her in the face," (2) that all three officers "barged in[to] our home pushing past" the girlfriend with guns drawn and pointed toward Colon, (3) that despite having his hands up either Officer Campana or Officer Hand shot Colon with a taser, (4) that either Campana or Hand grabbed him by the legs to force him to the floor, after which Shala got onto Colon's back and continued to tase him "multiple times" while the other officers punched him and held him down, and (5) that after being rolled onto his back Shala tased him "multiple times on my chest area." Colon represents (1) that his girlfriend was video recording the incident with her telephone and, in response to his pleas for help, she "pulled Shala's hand causing him to stop tasing me" and (2) that both he and his girlfriend were arrested, handcuffed, and jailed.

**City of New Port Richey:**

Colon's initial complaint named as a defendant the New Port Richey Police Department. The earlier order (Doc. 4) explains that the police department is not a legal entity subject to suit. In the amended complaint Colon names as a defendant the City of New Port Richey, which correctly moves for dismissal because "[a] municipality cannot be held responsible for the actions of its employees on the basis

of *respondeat superior* [under] *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)." Although permitted in other civil tort actions, *respondent superior* is inapplicable in a Section 1983 action. *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*).

In opposition Colon asserts that he can proceed against the City of New Port Richey based on the officers' conduct if he "can show that the officials acted pursuant to some law, custom or policy of the governmental entity" (Doc. 39 at ¶3), which is a correct proposition of law. *Monell*, 436 U.S. at 690 ("Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."). However, Colon asserts no fact showing that the officers acted under a law, custom, or policy of the City of New Port Richey. Instead, Colon asserts that he hopes that during discovery he will find evidence to support a claim that the officers acted under a law, custom, or policy. Because Colon now has no such supporting evidence, the City of New Port Richey is entitled to dismissal, but if he finds such supporting evidence, Colon may promptly move to add a claim against the City of New Port Richey.

**Police Officers Shala, Campana, and Hand:**

The officers (1) assert that the Colon's statement of facts "is a recitation of the facts as perceived by [him and is] a distortion of the facts in [his] favor" and (2) contend that "what is clear is that [the] Defendants . . . were conducting an

investigation when the situation was escalated by" Colon. (Doc. 23 at 10) Defendants assert the defense of qualified immunity. "The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). *Carroll v. Carman*, 574 U.S. 13, 16–17 (2014) (internal citations and punctuation omitted), explains further:

> A right is clearly established only if its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate. This doctrine provides government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law.

On a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003), *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The defense of qualified immunity affords the moving party no deference regarding disputed facts. "In qualified immunity cases, [viewing the facts in favor of the non-moving party] usually means adopting . . . the plaintiff's version of the facts." *Scott v. Harris*, 550 U.S. at 372, 378 (2007). A plaintiff must show " 'proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." *Rodriguez v. Sec'y, Dep't of Corr.*, 508 F.3d 611, 625 (11th Cir. 2007) (quoting *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986)).

Based on the facts that control the present review under Rule 12(b)(6), the officers had neither an arrest warrant nor a search warrant, they did not observe Colon commit a crime and flee into his house (in other words, no "hot pursuit"), they forced their way into the home without invitation and pointed their guns at Colon, either Officer Campana or Officer Hand shot Colon with a taser even though he had his hands raised, Officer Shala shot Colon with a taser both in the back and in the chest after he was on the floor, and both Campana and Hand punched him after he was on the floor. Based on these facts, the complaint is not subject to dismissal based on qualified immunity. However, additional facts presented in a motion for summary judgment might entitle the defendants to qualified immunity.

**Six Identified Counts:**

Colon alleges that the officers violated his rights under the Fourth Amendment by entering his home without a warrant (Count One) and used excessive force (Count Two). Colon erroneously alleges that the use of excessive force violated his Eighth Amendment rights. *Jackson v. Sauls*, 206 F.3d 1156, 1169–70 (11th Cir. 2000) ("The Supreme Court has instructed that '*all* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard.' *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).") (italics original). Based on the above recited facts, Colon may proceed under Counts One and Two. Colon alleges that the officers committed a burglary (Count Three) when they

entered his home and a battery (Count Four) when they used excessive force. Neither burglary nor battery assert a claim pursuable under Section 1983; the two claims are subsumed under Counts One and Two. Similarly, Colon alleges no civil rights claim because the officers allegedly (1) failed to investigate his assertion that he was recently attacked and robbed by persons he believed were police officers in "plain clothes" (Count Five) and (2) committed perjury in their police reports about his arrest (Count Six). Consequently, this action may proceed under Counts One and Two, but Counts Three through Six are dismissed for failing to state a claim upon which relief can be granted in a Section 1983 action.

The motion (Doc. 23) to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The City of New Port Richey is **DISMISSED** without prejudice and Counts Three through Six are **DISMISSED WITH PREJUDICE**. The motion to dismiss based on qualified immunity is **DENIED WITHOUT PREJUDICE**. This action proceeds against Police Officers Shala, Campana, and Hand based on the Fourth Amendment claims alleged in Counts One and Two. A scheduling order will issue when the defendants file their answer as required under Rule 12(a)(4)(A).

ORDERED in Tampa, Florida, on May 28, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE