UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL COLON,**

    **Plaintiff,**

v.                                              **Case No. 8:24-cv-1666-SDM-AAS**

**CITY OF NEW PORT RICHEY, et al.,**

    **Defendants.**
_____/

## ORDER

Pro se plaintiff Michael Eric Colon is attempting to conduct discovery in his civil rights suit against the City of New Port Richey, Officer Abnor Shala, Officer Nicholas Campana, and Officer Dominic Hand (collectively the defendants). On September 29, 2025, the defendants were directed to respond to Mr. Colon's motion to communicate with another prisoner (Doc. 51), motion for extension of time to answer interrogatories (Doc. 52), and motion to compel production (Doc. 54). The defendants responded. (Doc. 66). The defendants take "no position" on Mr. Colon's request to communicate with another prisoner. The motion for an extension of time to answer interrogatories is unopposed, and the motion to compel production is opposed.

### I. MR. COLON IS AUTHORIZED TO COMMUNICATE WITH EMILY LECHEVET

Mr. Colon previously moved to communicate with another prisoner, his girlfriend and witness, Emily Lechevet. (Doc. 43). The motion was denied without prejudice because an online records search showed Ms. Lechevet was not in jail. (Doc. 48).

Mr. Colon again moved to communicate with the same prisoner. (Doc. 51). The defendants take no position. (Doc. 66). The defendants' response revealed the witness was "delivered to the Florida Department of Corrections, Florida Women's Reception Center on August 12, 2025 (DC # S62813)." (Doc. 66, p. 3). The witness visitation status is not suspended. Mr. Colon's motion indicates Ms. Lechevet has relevant information as a witness for his claim. Accordingly, Mr. Colon's motion to communicate with another prisoner is **GRANTED**. Mr. Colon is authorized to communicate with Ms. Lechevet.

### II. TIME IS EXTENDED TO ANSWER INTERROGATORIES

Mr. Colon requests an extension of time to answer interrogatories. (Doc. 52). The defendants do not oppose a reasonable extension of time. Mr. Colon has demonstrated good cause for an extension because he is incarcerated and needs to go through a request process to retrieve legal documents. He intends to answer when he receives his legal documents. (Doc. 52). Accordingly, Mr.

Colon's request for an extension to answer interrogatories is **GRANTED**. Mr. Colon must answer the interrogatories by **November 24, 2025**.

## III. THE MOTION TO COMPEL IS DENIED

Mr. Colon requests the court to "rule on defendants' objection to produce plaintiff's request for production." (Doc. 54). The motion is construed as a motion to compel. Mr. Colon requests a complete copy of the defendants' "incident report history of every force applied in service of the Department." (Doc. 54).

The defendants' object to answering request No. 1 and maintain they have answered in good faith. (Doc. 66). Request No. 1 requests, "An updated copy of each officer/defendants in this case, history of incident reports and behavior patterns in the past and present." (Doc. 66). The defendants object on grounds the request is vague, ambiguous, and not likely to lead to the discovery of admissible evidence. The request is vague and overbroad because "history of incident reports and behavior patterns" is not described with reasonable particularity. *See Lampkin v. Hubbard Constr. Co.*, No. 607CV1635ORL22GJK, 2008 WL 11336634 (M.D. Fla. June 11, 2008) ("A request to produce 'must describe with reasonable particularity each item or category of items to be inspected') (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). Accordingly, the motion to compel a response to request No. 1 is **DENIED**.

**ORDERED** in Tampa, Florida, on October 23, 2025.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge