UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL COLON,

    Plaintiff,

v.                                  Case No. 8:24-cv-1666-SDM-AAS

CITY OF NEW PORT RICHEY, et al.,

    Defendants.
_____/

## ORDER

Pro se plaintiff Michael Eric Colon requests reconsideration of the court's prior order denying a motion to compel production.[1] (Doc. 72). On December 5, 2025, the defendants were directed to respond to Mr. Colon's motion for reconsideration. (Doc. 74). The defendants responded. (Doc. 75). The motion to compel (Doc. 68) was previously denied for failing to contain a certification under Local Rule 3.01(g) (Doc. 71) and the defendants reassert their previous objections.[2]

---

[1] Mr. Colon's Motion for Protective Order (Doc. 68) was construed as a motion to compel production.

[2] The motion for reconsideration still fails to include a 3.01(g) certification or state whether a 3.01(g) conferral occurred. Although the motion could be denied for this reason alone, the merits of the motion will be addressed.

1

Mr. Colon's motion requests the court to reconsider the Order (Doc. 71) denying the motion to compel at docket entry 68 for failing to contain a certification under Local Rule 3.01(g). The motion to compel at docket entry 68 sought to compel medical records. However, the motion for reconsideration (Doc. 72) contains no mention of medical records. Rather, the motion for reconsideration addresses subjects from the motion to compel at docket entry 54. That motion to compel (Doc. 54) moved to compel the defendants to "produce a complete and legible copy of [the officers] incident report history of every force applied in the service of the Department." The defendants argued the request was vague, ambiguous, and not likely to lead to the discovery of admissible evidence. (Doc. 66). The undersigned agreed with the defendants, and the motion to compel was denied on the merits. (Doc. 67, p. 3). In response to the motion for reconsideration, the defendants assert the same objections as stated in their response (Doc. 66) to the motion to compel at docket entry 54. This motion is construed as a motion for reconsideration of the order (Doc. 67) denying the motion to compel regarding production of the officers' incident report history.

The motion for reconsideration attempts to clarify the language of the request for production that was the subject of the motion to compel at docket entry 54. Mr. Colon explains what he "means when he asked for 'copies of each defendants / officers in this case history of incident reports' was the history of

2

each officers 'arrest reports with force applied.'" (Doc. 72). Mr. Colon states he "has mentioned and re-phrased the request he is seeking for production in his last response hoping the defendants have a better understanding of the documents he was pertaining to." (*Id.*). In the response, the defendants stated, "[a] review of each officers' personnel file does not reveal any documented incidents of force involving the officers or disciplinary history related to the same." (Doc. 75).

It is unclear whether Mr. Colon propounded an additional request for production on the defendants or whether he moves the court to reconsider the Order denying the motion to compel in light of the attempted clarification of his previous request for production. Regardless, the motion for reconsideration is improper. If Mr. Colon propounded an additional request for production on the defendants with amended language, then the proper motion is a motion to compel, which includes a 3.01(g) certification.[3] If Mr. Colon seeks to amend or clarify his request for production through this motion for reconsideration, then the motion is still improper because none of the permissible grounds to grant a motion for reconsideration are present. *See Bradshaw v. Reliance Standard Life Ins. Co.*, No. 8:15-CV-988-T-30TGW, 2016 WL 1110447 at *1 (M.D. Fla.

---

[3] However, Mr. Colon is warned a motion to compel production of "the history of each officers 'arrest reports with force applied'" (Doc. 72) is likely to be denied because the defendants assert "each officers' personnel file does not reveal any documented incidents of force." (Doc. 75).

Mar. 22, 2016) ("Motions for reconsideration are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice."). Accordingly, Mr. Colon's motion for reconsideration is **DENIED**.

**ORDERED** in Tampa, Florida, on December 17, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge